UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENA ROSTRUM, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No. 4:10-CV-1816 (CEJ) |
| HARRAH'S MARYLAND HEIGHTS, LLC | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiffs oppose the motion and the issues are fully briefed.

### I. Background

On September 14, 2008, plaintiff Dena Rostrum slipped on a liquid substance located on the floor of defendant's casino. On September 29, 2010, she and her husband brought this action against the defendant, seeking damages for her injuries and for loss of consortium. After reviewing the complaint, the Court ordered plaintiffs to file an amended complaint containing facts sufficient to establish subject-matter jurisdiction. On December 3, 2010, plaintiffs filed an amended complaint asserting jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. Plaintiffs allege that they are citizens of Missouri and the defendant is a citizen of Nevada. On December 17, 2010, the defendant filed a motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). According to the defendant, diversity does not exists because both parties are citizens of Missouri.

## II. Legal Standard

Dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate if the plaintiff has failed to satisfy a threshold jurisdictional requirement. See Trimble v. Asarco, Inc., 232 F.3d 946, 955 n.9 (8th Cir. 2000). In order to properly dismiss for lack of subject matter jurisdiction, the complaint must be successfully challenged on its face or on the factual truthfulness of its averments. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In a facial attack, the court restricts itself to the face of the pleadings, and all of the factual allegations concerning jurisdiction are presumed to be true. Id. However, in a factual challenge, the court considers matters outside of the pleadings, an no presumptive truthfulness attaches to the plaintiff's allegations. Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Furthermore, the existence of disputed material facts does not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Id. at 729. "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. The burden that proving jurisdiction does in fact exist rests with the plaintiff. Id.

## III. Discussion

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. Here, the parties dispute whether the defendant is a citizen of Missouri. For purposes of diversity jurisdiction, limited liability companies are citizens of every state of which any member is a citizen. See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Therefore, to determine whether the

defendant is a citizen of Missouri, the Court must examine the citizenship of the defendant's members.

The defendant has three members, all of which are corporations. One of the members is Harrah's Maryland Heights Operating Company ("Harrah's"). It is undisputed that Harrah's is incorporated in Nevada and operates a casino in Missouri. Plaintiffs' contend that Harrah's is a citizen of Nevada because it is incorporated there and its executives are located in Las Vegas, Nevada. The defendant, however, argues that Harrah's is a citizen of Missouri because it operates a casino in Maryland Heights, Missouri.

Generally, a corporation is deemed to be a citizen "of the State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). The phrase "principal place of business" also known as the "nerve center," refers to the place where the corporation's high level officers direct, control and coordinate the corporation's activities." The Hertz Corp v. Friend, 130 S.Ct. 1181,1192 (2010). Typically, the principal place of business is found at a corporation's headquarters: "provided that the headquarters is the actual center of direction, control, and coordination." Id. A principal place of business shall not be confused with the location where a corporation conducts its daily business activities. Id. at 1194 ("if the bulk of a company's business activities visible to the public takes place in New Jersey, while its top officers direct those activities just across the river in New York, the "principal place of business" is New York.")

Here, it is clear that Harrah's principal place of business is in Nevada. The corporation's headquarters are located in Nevada. Also, the corporate executives who direct, control and coordinate the corporation are located in Nevada. The defendant

3

has only showed that Harrah's operates a casino in Missouri. Under Hertz, the location of a business or of daily business activity does not confer citizenship pursuant to 28 U.S.C. § 1332. Id. Therefore, for purposes of jurisdiction, the Court finds that the defendant is a citizen of Nevada and not a citizen of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for lack of jurisdiction [#8] is **denied**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of August, 2011.